ORDERED.

Dated: July 29, 2015

*Karen S. Jennemann*
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| NORTH AMERICAN CLEARING, INC.,  ) | Case No. 6:08-ap-00145-KSJ |
| ) | Chapter 7 |
| Debtor.  ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER
DENYING GOBLE'S MOTION TO COMPEL THE
TRUSTEE AND SIPC TO PAY FOR PERSONAL ASSETS**

Richard Goble, a *pro se* creditor in this Securities Investor Protection Act ("SIPA")[1] liquidation proceeding of North American Clearing, Inc. ("NACI"), seeks compensation from the Trustee, Robert Gilbert, and the Securities Investor Protection Corporation ("SIPC") for property allegedly removed, destroyed, or damaged by the Trustee.[2] Goble pursues these damages on behalf of himself and two entities he owns, G&G Holdings, Inc. ("G&G") and Financial Industry Association ("FIA"). He claims damages totaling $5,087,845.22.

---

[1] The Securities Protection Investor Act is located 15 U.S.C. § 78aaa *et seq*.
[2] Doc. No. 605. The Trustee filed a response. Doc. No. 617. SIPC filed an omnibus response to Goble's various motions. Doc. No. 615.

The Court denies the motion for several reasons. Goble, who is not a lawyer, cannot represent his corporate entities, FIA or G&G. The principles of *res judicata* and the *Barton* doctrine both bar the movant's claims. Last, Goble waived any claims the movants ever held.

NACI was a small broker-dealer and clearing house placed into SIPA liquidation as of May 27, 2008.[3] Goble, through a trust, was the sole owner and an employee of NACI prior to the liquidation proceedings. Goble consistently and continuously has disputed the events that led to NACI's ultimate liquidation in litigation primarily filed in the United States District Court for the Middle District of Florida (the "District Court"). G&G owns the real property NACI formerly used for its office. FIA was a trade association that advocated on behalf of small broker dealers. Goble has an ownership interest in both G&G and FIA.

The extensive litigation surrounding NACI was precipitated by the SEC's complaint for injunctive relief against NACI, Goble, and other defendants in the District Court,[4] which initially appointed a receiver, then on July 28, 2008, entered the SIPA Order commencing this liquidation proceeding.[5] The SIPA Order appointed Gilbert as the Trustee and ordered him to pursue the orderly liquidation of NACI under the SIPA.[6] The SIPA Order also removed the liquidation proceeding to this Court.[7]

Nearly seven years after NACI's liquidation began, Goble now seeks damages from the Trustee and SIPC for lost software that belonged to FIA, various missing pieces of personal property such as furniture and computer equipment that belonged to Goble, FIA, or G&G, damage caused to NACI's former office space, and reimbursement for different post-petition property expenses incurred by G&G.

---

[3] Although the District Court's order appointing the Trustee was entered on July 28, 2008 (Doc. No. 1), the SIPA makes clear that the filing date relates back to the appointment of the initial receiver. *See* 15 U.S.C. § 78lll(7)(B).
[4] SEC Case refers to Case No. 6:08-cv-00829-MSS-KRS.
[5] SIPA Order, Doc. No. 1.
[6] SIPA Order, ¶ II.
[7] SIPA Order, ¶ IX. *See* 15 U.S.C. § 78eee(b)(4).

Goble, is a *pro se* litigant who is not a lawyer. He cannot represent the interests of the corporate entities FIA and G&G. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."[8] This rule "applies even where the person seeking to represent the corporation is its president and major stockholder."[9] This Court's Local Rule 1074-1 also reiterates the sentiment.[10] Goble cannot assert claims on behalf of FIA and G&G.

The principles of *res judicata* bars Goble's individual claims. Goble, FIA, and G&G previously sued SIPC in the District Court seeking the same damages he now seeks against SIPC before the Bankruptcy Court. In the first action,[11] Goble pursued negligence, gross negligence, and conversion claims against SIPC for the destruction and/or theft of G&G and FIA assets.[12] This action later was consolidated with a second case filed by Goble, G&G, and FIA in the District Court (collectively, the "Prior Litigation").[13]

In the Prior Litigation, Goble continuously attempted to amend the complaint to add the Trustee, individually, as a defendant. Under the *Barton* doctrine, a plaintiff must obtain leave from the appointing court before suing a court-appointed trustee for acts performed in their official capacity.[14] In the SEC Case, the case in which the Trustee was appointed, the District Court denied Goble's two *Barton* motions seeking leave to sue the Trustee.[15] Because adding the Trustee as a defendant in the Prior Litigation without obtaining leave from the appointing court

---

[8] *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).
[9] *Id.*
[10] Local Rule 1074-1 states: "Corporations, partnerships, trusts, and other non-individual parties may appear and be heard only through counsel permitted to practice in the Court pursuant to Local Rule 2090-1."
[11] Case No. 6:11-cv-00825-PGB-KRS.
[12] *See* Amended Complaint, Doc. No. 2.
[13] Case No. 6:10-cv-00408-PGB-KRS. The District Court issued an oral order granting Goble's motion to consolidate the cases. Doc. No. 42, 825 Case.
[14] *See Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000).
[15] Doc. Nos. 209 & 222, SEC Case.

would have been futile,[16] the District Court denied the plaintiffs' request to amend their complaint to add the Trustee as a defendant.[17]

Magistrate Judge Spaulding eventually entered a Report and Recommendation in the Prior Litigation suggesting the dismissal of the complaint against SIPC.[18] Judge Spaulding determined that the SIPC was immune from suit under the litigation privilege regarding the plaintiffs' negligence and gross negligence counts.[19] The plaintiffs moreover failed to state a claim for their conversion count or to establish damages.[20] Judge Spaulding, like this Court, also observed that Goble could not assert claims on behalf of G&G and FIA because he is not an attorney.[21] District Judge Byron entered a final order adopting Judge Spaulding's Report and Recommendation, dismissing the complaint against SIPC with prejudice.[22]

The doctrine of *res judicata* precludes this Court from revisiting the issues raised by Goble, FIA, and G&G in the Prior Litigation. *Res judicata* "will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same."[23]

The elements of *res judicata* now bar Goble's claims against SIPC. The District Court is a court of competent jurisdiction. The order adopting Judge Spaulding's Report and

---

[16] Without leave from the appointing court, suit against a trustee or receiver results in dismissal for lack of subject matter jurisdiction. *See Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000).
[17] Doc. No. 70.
[18] SIPC R&R, Doc. No. 167.
[19] SIPC R&R at 11–13. The negligence and gross negligence counts contained requests for damages for SIPC's alleged failure to properly account for G&G and FIA property in the course of the liquidation. Amended Complaint ¶¶ 46–48, 55–57, Doc. No. 2.
[20] SIPC R&R at 13–14, Doc. No. 167.
[21] SIPC R&R at 10–11, Doc. No. 167. The effect of their failure to retain counsel was to treat SIPC's motion to dismiss as unopposed. The court however still went on to examine the merit of SIPC's motion to dismiss.
[22] Doc. No. 194 at 8–10.
[23] *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)).

Recommendation is a final judgment on the merits.[24] The parties—Goble, G&G, and FIA[25]—are the same. And the claims for relief are identical: Goble seeks damages for destruction, damage, or theft of G&G and FIA property. Goble's present claims against SIPC are barred by *res judicata*.

Goble's also cannot pursue his claims against the Trustee individually. Goble still has not obtained leave from the District Court in the SEC Case to pursue claims against the Trustee.[26] Under the *Barton* doctrine, the Court does not have subject matter jurisdiction over the claims asserted against the Trustee individually.[27]

Goble, FIA, and G&G further waived any claims against the Trustee relating to the sale of office equipment and furniture at NACI's office. In December 2009, the Trustee moved to sell substantially all of the assets used in NACI's business free and clear of liens.[28] The Court granted the Trustee's motion with no objections.[29] The Trustee later filed a detailed report listing all items sold at the auction.[30] Goble, G&G, and FIA received actual notice of the sale and never responded or claimed any interest in the property sold.

Prior to the sale, the Trustee even filed an adversary proceeding against Goble, FIA, and G&G to determine their interests in the furniture, computers, and equipment at NACI's offices

---

[24] "A dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise." *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986). Goble's pending appeal moreover does not operate to stay the preclusive effect of the District Court's order. *See* In re USA, 624 F.3d 1368, 1379 n.1 (11th Cir. 2010) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." (quoting *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988)).
[25] G&G and FIA are not technically parties to the present motion, but Goble is asserting claims on their behalf.
[26] *See* Orders Denying *Barton* Motions, Doc. Nos. 209 & 222, SEC Case.
[27] *See Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000).
[28] Doc. No. 270.
[29] Doc. No. 280.
[30] Doc. No. 287.

("Lien Adversary").[31] The Court entered a final judgment in favor of the Trustee, finding that "any purported interest, of any nature or kind, claimed by any of the Defendants in the personal property of NACI . . . is avoided pursuant to 11 U.S.C. § 544."[32] Goble, FIA, and G&G had no interest in the personal property sold by the Trustee, and even if they did, they waived any claims by failing to object to the Trustee's sale motion.

The bulk of Goble's requested damages ($5 million) relates to software purportedly belonging to FIA. Ignoring Goble's inability as a non-lawyer to assert a claim on behalf of FIA, the Court notes that the Trustee provided Goble with a complete copy of the disputed software. Goble now claims the transferred software will not work without the exact computer the software was designed for, which was sold years ago. If FIA had an interest in the specific computer used to operate the software, it should have raised a timely objection. Any FIA interest in this computer further was avoided in the Lien Adversary. Last, Goble's motion provides no basis to conclude that the software belonged to FIA, not NACI.

Goble last seeks compensation from the Trustee for expenses he incurred repairing alleged damage to G&G's real property. The Trustee and NACI's liquidating estate used limited space in NACI's former office building, owned by G&G, for seven months prior to vacating in February 2009. The Trustee paid G&G rent payments and cleaning fees for the premises

---

[31] Case No. 6:09-ap-00746-KSJ ("Lien Adversary"). G&G filed one proof of claim asserting security interests in NACI's assets, such as "all furniture, equipment, office supplies, computers, TV's, chairs, conference table, etc." Doc. No. 1 Ex. C, Lien Adversary. G&G's second proof of claim alleged, like it does here, that the Trustee removed computers and software belonging to G&G. Doc. No. 1 Ex. D, Lien Adversary. FIA's proof of claim asserted a $100,000 claim for property belonging to FIA, such as computers and documents. Goble individually also filed several claims in this case, alleging security interests in all of NACI's assets. *See* Doc. No. 1 Exs. G–J, Lien Adversary.

[32] Doc. No. 31, Lien Adversary.

throughout his occupancy.[33] The Trustee eventually rejected the G&G lease effective February 22, 2009.[34]

Goble cannot now sue the Trustee individually due to the *Barton* doctrine. Goble has not obtained the required leave from the District Court in the SEC Case to sue the Trustee. And, to the extent Goble's motion is asserted against *NACI*, G&G must pursue payment from the Debtor through the normal claims resolution process. Filing generic motions for payment of claims is impermissible.

In summary, Goble, a non-attorney, cannot represent the interests of G&G or FIA, and on that basis alone the motion should be denied. His claims against SIPC are precluded by *res judicata*, and he cannot sue the Trustee individually without leave from the District Court in the SEC Case, which he has not obtained. Further, movants failed to timely object to and previously have waived all claims they now assert.  Goble's motion to compel is denied.

### 

Attorney Hywel Leonard is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of this order.

---

[33] Motion to Reject Lease ¶ 7, Doc. No. 110; G&G Claim 1, Doc. No. 1 Ex. C, Lien Adversary (stating in ¶ 7 G&G received $127,679.81 in post-petition rent payments from the Trustee).
[34] Motion to Reject Lease, Doc. No. 110; Order, Doc. No. 120.